**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA PEREIRA,<br><br>Plaintiff,<br>v.<br><br>JOHN AZEVEDO, et al.,<br><br>Defendants. | Civil Action No.: 12-907 (JLL)<br><br><br>**OPINION** |

This matter comes before the Court by way of Defendant Wachovia Bank's motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 46]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is **granted.** Counts Two through Eleven of Plaintiff's Amended Complaint are dismissed *without* prejudice as to Defendant Wachovia.

## BACKGROUND

Plaintiff's Amended Complaint was filed on February 12, 2013. This Court's jurisdiction is premised on 28 U.S.C. § 1331. Plaintiff's Amended Complaint alleges that Lurdes Azevedo, a family friend of the Plaintiff, approached Plaintiff and her husband, Antonio Pereira, to ask if they would co-sign a loan for her son, John Azevedo. (Am. Compl., ¶ 2). According to the Amended Complaint, John Azevedo assured the Pereiras that he would be able to repay the loan. (*Id.*, ¶ 5). Ms. Azevedo also assured Plaintiff and her husband that, in the unlikely event that John was unable to repay the loan, she would repay the Pereiras for any amounts they may

1

be held responsible for in connection with co-signing the loan. (*Id.*, ¶ 4).   Believing that they were merely co-signing a loan for Mr. Azevedo, Plaintiff agreed to Ms. Azevedo's proposal. (*Id.*, ¶ 6).   But for the foregoing representations by Ms. Azevedo and her son, John, Plaintiff would not have executed the loan documents. (*Id.*).

The Azevedos then set up a meeting with the Plaintiff at the home of Lurdes Azevedo; John and Lurdes Azevedo presented Plaintiff with documents purporting to be loan papers from Wachovia for which Plaintiff believed she was merely co-signing on behalf of John.   (*Id.*, ¶ 7).   Unbeknownst to the Plaintiff, the documents presented to her by John and Lurdes Azevedo resulted in John Azevedo obtaining a line of credit against Plaintiff's home in the amount of one hundred thousand dollars ($100,000.00) (hereinafter referred to as the "loan" or "Loan Agreement").   (*Id.*, ¶ 8).   The loan was funded by Defendant Wachovia.   (*Id.*).

Plaintiff's Amended Complaint alleges that Plaintiff had never authorized John or Lurdes Azevedo to negotiate with Wachovia on her behalf, nor did Plaintiff authorize Wachovia to negotiate with anyone on her behalf.   (*Id.*, ¶ 9).   Nevertheless, the Loan Agreement ultimately called for copies of all bank statements to be mailed to the home of John Azevedo. (*Id.*, ¶ 10). No copies of any statements regarding the Loan Agreement were ever mailed to the Plaintiff. (*Id.*, ¶ 12).

Finally, the Amended Complaint alleges that Plaintiff only recently realized, in the context of requesting a credit check to obtain a line of credit on her home, that she had a $100,000 lien on her home as a result of her execution of the Loan Agreement. (*Id.*, ¶ 13).   At that point, Plaintiff approached John and Lurdes Azevedo to inquire into the situation. (*Id.*, ¶ 14). They informed the Plaintiff that John Azevedo had filed for bankruptcy and, therefore, would not

2

pay back the debt. (*Id.*).   Lurdes also indicated that she would not pay the debt. (*Id.*, ¶ 15).

In light of the foregoing, Plaintiff commenced the instant cause of action against John Azevedo, Lurdes Azevedo, Wachovia Bank and Grace Tavares, an alleged employee of Wachovia.   Plaintiff alleges, generally, that the Azevedos conspired with Wachovia to defraud the Plaintiff. (Am. Compl., ¶ 11).   Plaintiff's Amended Complaint asserts eleven (11) causes of action.   The Court construes Counts Two through Eleven as being asserted against Defendant Wachovia.   Defendant Wachovia now moves to dismiss Counts Two through Eleven of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).


## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).   But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.   Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.   *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

3

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).   With this framework in mind, the Court turns now to Defendant's motion.

## <u>ANALYSIS</u>

Defendants move to dismiss Plaintiff's Complaint on various grounds.   As a preliminary matter, the Court notes that none of the eleven (11) counts asserted in Plaintiff's Amended Complaint are properly labeled.   Thus, it is not entirely clear to the Court which claims are intended to be asserted in each of the counts, or which counts are asserted against which defendants.   Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint put the defendant on notice of the basis of the claims asserted against him.   *See Twombly,* 550 U.S. at 555.   Having failed to identify which particular claim is asserted in each count of her Amended Complaint and/or which claims are being asserted against which particular defendants, Plaintiff's Amended Complaint could be dismissed, in its entirety, for failure to meet the Rule 8(a) pleading requirement.   In the interest of justice and judicial economy, the Court has, in any event, addressed the merits of various substantive arguments asserted by Wachovia and finds that dismissal of each claim asserted against Wachovia is warranted for the foregoing reasons, as well.

In addition, the Court notes that Defendant Wachovia seeks dismissal of all claims asserted against it in the Amended Complaint on the basis of statute of statute of limitations. However, the Amended Complaint fails to contain *any* facts concerning the timing of *any* the

4

allegations contained therein, including any facts to support Plaintiff's position—as set forth in her opposition brief—that equitable tolling should apply.   To the extent Plaintiff has inserted some relevant dates in her brief in opposition to Defendant's motion, the Court may not consider such dates because a complaint cannot be amended by way of an opposition brief.   *See Pennsylvania ex rel v. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).   In light of the foregoing, the Court is not in a position to properly assess Defendant's statute of limitations arguments at this time.   Because the Court dismisses each claim asserted in Plaintiff's Amended Complaint without prejudice for other reasons, Plaintiff may amend her complaint to include such relevant dates and/or any facts to support equitable tolling—to the extent she intends to rely on such a theory.   Wachovia may renew its statute of limitations arguments in any future motion practice.

**1.     Counts Two and Three – Fraud**

Counts Two and Three appear to allege claims of fraud as against various Defendants, including but not limited to Wachovia.   The parties do not dispute that New Jersey law applies to Plaintiff's claims.

In New Jersey, to state a claim for fraudulent misrepresentation or omission, a plaintiff must establish: "(1) a material misrepresentation [or omission] of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).   In addition, Federal Rule of Civil

Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading standard is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984). "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200. Plaintiff must also allege who made the purported misrepresentations and what specific misrepresentations were made. *See, e.g., Frederico v. Home Depot,* No. 05-5579, 2006 WL 624901, at *2 (D.N.J. Mar. 10, 2006).

Plaintiff's Amended Complaint alleges, in pertinent part:

> Defendants have collectively and individually defrauded the Plaintiff by, inter alia: (1) fraudulently opening accounts in the name of . . . Maria and Antonio Pereira; (2) accepting false information such as an incorrect date of birth on the account; (3) not requiring . . . Mr. Azevedo to present identification when withdrawing money from the account; (4) not requiring the Plaintiff's authorization before all withdrawals; (5) sending all the account information to the Azevedos without approval; (6) obtaining a line of credit in the name of the Plaintiff; and (7) permitting other individuals without authorization to access the funds and information regarding the line of credit.

(Am. Compl., Count Two, ¶ 3). Count Three goes on to allege:

> The Defendants' representations to the Plaintiff regarding the [Loan Agreement] were misleading and/or fraudulent statements of material fact. The Defendants made the aforesaid material misrepresentations to induce Plaintiff to enter into the [Loan Agreement]. Plaintiff reasonably relied to her detriment upon the promises and misrepresentations of the Defendants.

(Am. Compl., Count Three, ¶¶ 2-4).

There is no question that Plaintiff's Amended Complaint fails to allege any specific misrepresentation(s) made by anyone on behalf of Defendant Wachovia, or *when* such alleged misrepresentations were made.   Certainly, the Amended Complaint contains no facts suggesting that Wachovia (or any of its employees) had knowledge of the falsity of any particular statements it made to the Plaintiff.   Plaintiff does not dispute that her complaint fails to contain these facts.   To the contrary, Plaintiff argues that "additional discovery is necessary to enable the Plaintiff to develop additional facts regarding the Defendants' fraud and/or misrepresentation of the Defendants." (Pl. Opp'n Br. at 11).   Although Plaintiff need not prove her claims without the benefit of discovery, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible **on its face**.' " *Iqbal*, 556 U.S. at 678 (emphasis added).   To be clear, Plaintiff's case cannot proceed to discovery if the operative complaint fails to meet the threshold pleading requirement of Rule 8(a).

In short, Plaintiff has failed to plead the date, time and/or place of the alleged fraud by Wachovia.   Nor has Plaintiff otherwise injected some measure of substantiation into her allegations of fraud as against Wachovia.   Absent such factual content, Plaintiff's allegations of fraud are insufficient to pass muster under Rule 8(a), much less to meet Rule 9(b)'s heightened pleading standard. *See generally Gennari*, 148 N.J. at 610; *Frederico*, 507 F.3d at 200. Plaintiff's fraud claims (Counts Two and Three) are therefore dismissed without prejudice.

2.      **Counts Four and Five – Unjust Enrichment**

Count Four alleges, in pertinent part that:

> Defendants have received money from Plaintiff as a result of their
> fraudulent conduct.   As a consequence, Defendants have realized
> a material benefit to the material detriment of the Plaintiff.
> Defendants will be inequitably and unjustly enriched unless they
> are directed to return such money back to the Plaintiff.

(Am. Compl., Count Four, ¶¶ 2-4).   Count Five alleges that:

> By virtue of the aforementioned improper, unreasonable and
> inequitable acts, the Defendants have wrongfully retained, realized
> and secured for themselves valuable benefits provided by Plaintiff
> to her detriment, by securing the Plaintiff's funds without
> permission. Defendants have been and will be unjustly enriched at
> the expense and to the detriment of Plaintiff if allowed to retain the
> said benefits without the Defendants being directed to return the
> said unduly and unfairly obtained benefits and making payment to
> Plaintiff for same.

(Am. Compl., Count Five, ¶¶ 2-3).   As a preliminary matter, it is entirely unclear if Counts Four

and Five of Plaintiff's Amended Complaint are being asserted against Wachovia.   This runs

afoul of the Rule 8(a) pleading requirement.   Even assuming that these claims were intended to

be asserted against Defendant Wachovia, based on the reasons that follow, such claims must be

dismissed.

To state a claim for unjust enrichment under New Jersey law, a Plaintiff must establish

that the "defendant received a benefit and that retention of that benefit without payment would

be unjust" and that Plaintiff "expected remuneration from the defendant at the time it performed

or conferred a benefit on defendant and that the failure of remuneration enriched defendant

beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994).

Although the Amended Complaint alleges, vaguely, that "Defendants have received

8

money from Plaintiffs," it fails to contain any specific facts suggesting that Plaintiff has paid Wachovia, in particular, any money or otherwise conferred a benefit on Wachovia for which she expected remuneration.   To the contrary, the conduct underlying Plaintiff's unjust enrichment claim—*on its face*—sounds in tort.   *See* Am. Compl., ¶ 2 ("Defendants have received money from Plaintiff as a result of their fraudulent conduct.").   New Jersey does not recognize unjust enrichment as an independent tort cause of action.   *See Castro v. NYT Television*, 370 N.J. Super. 282, 299 (App. Div. 2004) (explaining that "the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion."); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999) ("In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched).").   To be clear, Plaintiff has not alleged that she performed or otherwise conferred a benefit on Wachovia under a quasi-contractual relationship with the expectation of remuneration.   Rather, Plaintiff asserts a variety of tort claims for which she clearly did not anticipate or expect remuneration.

Defendant's motions to dismiss Plaintiff's unjust enrichment claim(s) is therefore granted.   *See, e.g., Nelson v. Xacta 3000 Inc.*, No. 08-5426, 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009) (dismissing unjust enrichment claim after finding that "New Jersey law does not recognize unjust enrichment as an independent tort cause of action"); *Warma Witter Kreisler, Inc. v. Samsung Elecs., Am., Inc.*, No. 08-5380, 2009 WL 4730187, at *7 (D.N.J. Dec. 3, 2009) (dismissing unjust enrichment claim and noting that "Plaintiff does not claim that it failed to receive the printer for which it conferred a benefit on the Defendant; rather, Plaintiff's theory of

recovery is based on the assertion that it was misled by Samsung as to the fitness of the printer

and that as a result of Samsung's tortious conduct, Plaintiff is allowed to recover damages. Such

allegations sound in tort."); *Blystra v. Fiber Tech Group, Inc*., 407 F. Supp. 2d 636, 644 n. 11

(D.N.J. 2005) (construing plaintiff's unjust enrichment claim "as subsumed by their other tort

claims, and not as an independent cause of action" where it was based on a tort theory).      To

the extent the pleading deficiencies in these claims can be cured by way of amendment,

Plaintiff's unjust enrichment claims are dismissed without prejudice.


### 3.      Counts Six and Eight – Conversion

Count Six alleges that:

> The Defendants wrongfully converted the monies of the Plaintiff
> for their own use or otherwise exercised unauthorized dominion
> and control over the monies, which belong to the Plaintiff.
> Defendants utilized the converted funds for their own purposes.
> Defendants converted Plaintiffs' money without prior or
> subsequent authorization, license, authority or ratification from
> Plaintiff and despite Plaintiff's demand for the return of the
> converted monies.

(Am. Compl., Count Six, ¶¶ 2-4).   Count Eight, in turn, alleges that:

> The Defendants misappropriated monies from the Plaintiff for their
> own personal use without prior or subsequent authorization,
> license, authority or ratification from Plaintiff.   The monies and
> assets misappropriated were the sole property of the Plaintiff.
> The Defendants' and Wachovia's transfer of monies was done
> negligently, wrongfully, intentionally, knowingly and recklessly to
> deprive Plaintiff of her assets.

(Am. Compl., Count Eight, ¶¶ 2-4). Once again, it is unclear if these conversion claims are

asserted against Wachovia, in particular.   This runs afoul of the pleading requirement of Rule

8(a) of the Federal Rules of Civil Procedure.   In any event, such claims—as currently pled—fail to state a claim upon which relief may be granted.

Under New Jersey law, "the tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." *Advanced Enter. Recycling, Inc. v. Bercaw,* 376 N.J. Super. 153, 161 (App. Div. 2005). Plaintiff's Amended Complaint does not allege that Wachovia has foreclosed on Plaintiff's home or has otherwise assumed or exercised control over Plaintiff's property or any funds belonging to the Plaintiff.   Absent such factual content, Plaintiff has failed to allege a facially plausible conversion claim as against Wachovia.   *See generally Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *cf. Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d 552, 563 (D.N.J. 2002) ("BVHE's allegation that Video Pipeline assumed and exercised control and custody over physical copies of their trailers and converted them for its own benefit adequately states a claim for conversion.").   Counts Six and Eight of Plaintiff's Amended Complaint are, therefore, dismissed without prejudice as against Wachovia.

### 4.       Count Seven – RICO § 1962(a)

Count Seven of Plaintiff's Amended Complaint alleges the following:

> Defendants intentionally and wrongfully engaged in a conspiracy to deprive the Plaintiff of her rights and/or money, and as such constitutes a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962.   Defendants agreed to commit predicate racketeering acts with knowledge that the acts formed a pattern of racketeering

activity in violation of § 1962 (a).

(Am. Compl., Count Seven, ¶¶ 2-3). Once again, it is not clear whether Plaintiff has attempted to assert this claim against Defendant Wachovia.   Even assuming Plaintiff intended to do so, this claim must be dismissed for failure to state a claim upon which relief may be granted.

Section 1962(a) provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of 18 U.S.C. § 2, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a).   Under this section, a plaintiff must allege "(1) that the defendant has received money from a pattern of racketeering activity; (2) invested that money in an enterprise; and (3) that the enterprise affected interstate commerce."   *Lightning Lube Inc. v. Witco Corp.*, 4 F.3d 1153, 1188 (3d Cir. 1993).   Moreover, Plaintiff must allege an injury stemming from the investment of racketeering income, not merely from the pattern of racketeering.   *Id.; see also Rose v. Bartle*, 871 F.2d 331, 356 (3d Cir. 1989).

In addition, an element common to all claims under RICO is a pattern of "racketeering activity." *See* 18 U.S.C. § 1962(a)-(d). "Racketeering" is defined by § 1961(1) and includes, among many other things, "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical." § 1961(1).   A "pattern of racketeering activity" requires at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5).

The Amended Complaint fails to allege any statutorily-defined racketeering activities or a pattern of the same.   In addition, Plaintiff has not alleged that Wachovia received money from any racketeering activity, invested that money back into the racketeering enterprise, or that Plaintiff has been injured by Wachvoia's investment of racketeering income into the enterprise. Absent such factual content, Plaintiff has failed to plead a viable claim for violation of RICO § 1962(a).   Count Seven is hereby dismissed without prejudice.

**5.      Count Eleven – Breach of Contract**

Count Eleven of Plaintiff's Amended Complaint alleges, generally, that Defendants have breached the terms of the Loan Agreement.   (Am. Compl., Count Eleven, ¶ 2).   To state a claim for breach of contract under New Jersey law, the plaintiff must allege facts demonstrating "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the [plaintiff] performed [her] own contractual duties." *Video Pipeline,* 210 F. Supp. 2d at 561. The plaintiff must also specifically identify the portions of the contract that were allegedly breached.   *See, e.g., Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing breach of contract claim where "the Complaint does not identify the provisions Plaintiff asserts were breached").   Defendant moves to dismiss this claim on the basis that the Complaint contains no facts whatsoever to substantiate this claim.     The Court agrees that Plaintiff's boilerplate breach of contract claim is wholly deficient.   This claim does not identify what particular provision of the Loan Agreement was allegedly breached, how it was breached, and/or by whom it was breached.   At the very least, it is clear that Plaintiff's breach of contract claim fails to meet the pleading requirements of Rule 8(a)(2) inasmuch as it fails to

13

provide Defendants with sufficient notice of the legal and/or factual premise of this claim. Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's breach of contract claim, as currently pled, fails to meet this basic requirement and is therefore dismissed without prejudice.

**6.      Count Ten – Breach of Implied Covenant of Good Faith and Fair Dealing**

Count Ten alleges that:

> As parties to the Contract, the Defendants had a duty to act in good faith and deal fairly with the Plaintiff. By virtue of the aforementioned acts, the Defendants have violated the covenant of good faith and fair dealing.

(Am. Compl., Count Ten, ¶¶ 2-3).   Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. *See Sons of Thunder, Inc. v. Borden, Inc.,* 148 N.J. 396, 420 (1997).   The covenant "mandates that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.' " *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 253 (App. Div. 2002) (quotations omitted).   Warning against overly broad constructions of the covenant of good faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." *Brunswick Hills Racquet Club, Inc. v. Rte. 18 Shopping Ctr. Assoc.*, 182 N.J. 210, 231 (2005).

The test for determining whether the implied covenant of good faith and fair dealing has been breached under New Jersey law is as follows: "a party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective

of preventing the other party from receiving its reasonably expected fruits under the contract."
*Wilson v. Amerada Hess Corp.,* 168 N.J. 236, 251 (2001).

Plaintiff has failed to plead any facts to support a viable claim that Wachovia breached the implied covenant of good faith and fair dealing.   For instance, the Amended Complaint does not allege that Wachovia had any type of discretionary authority pursuant to the terms of the parties' Loan Agreement, that it exercised such a right, or that it exercised such right in an arbitrary, unreasonable or capricious manner.   *See Wilson*, 168 N.J. at 251.   In fact, Plaintiff has failed to allege any injury to its contractual interest that was different, in any way, from its breach of contract claim.   *See generally Kelly v. Blum*, No. 4516-VCP, 2010 WL 629850, at *13 (Del. Ch. Feb. 24, 2010) ("Because general allegations of bad faith do not satisfy these elements, to state a cognizable claim a 'plaintiff must allege a *specific implied contractual obligation* and allege how the violation of that obligation denied the plaintiff the fruits of the contract.' ") (emphasis in original).   In light of the foregoing, Wachovia's motion to dismiss Count Ten of Plaintiff's Amended Complaint is granted.   Such claim is dismissed without prejudice.

### 7.    Count Nine – Civil Conspiracy

Count Nine of Plaintiff's Amended Complaint alleges that:

> Defendant's actions were undertaken in furtherance of a common plan and conspiracy with each other to accomplish the unlawful objectives described herein, formulated and orchestrated by the Azevedos and employee(s) of Wachovia Bank, including but not limited to Grace Tavares.   Upon information and belief, all of the aforesaid unlawful acts were undertaken by the Defendants' willfully and maliciously, in bad faith, and for the purposeful benefit of the Defendants.

(Am. Compl., Count Nine, ¶¶ 2-3).

Under New Jersey law, civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Morgan v. Union County Bd. of Chosen Freeholders*, 268 N.J. Super. 337, 364 (App. Div. 1993); *see also Banco Popular N.A. v. Gandi*, 184 N.J. 161, 177 (2005). The "gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.' " *Morgan*, 268 N.J. Super. at 364 (quotations omitted). Thus, civil conspiracy is a dependent claim which must be alleged alongside a substantive claim. *See, e.g., Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 497 (D.N.J. 1998). Moreover, a plaintiff cannot state a claim for civil conspiracy by making "conclusory allegations of concerted action," without including allegations of fact regarding defendants' joint action. *Abbot v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998).

Having dismissed all substantive claims asserted against Defendant Wachovia, this claim—which is a dependent claim that must be alleged alongside a substantive claim—fails as a matter of law. Count Nine of Plaintiff's Amended Complaint is dismissed without prejudice.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant Wachovia's motion to dismiss Counts Two through Eleven of Plaintiff's Amended Complaint is **granted**. Counts Two through Eleven of Plaintiff's Amended Complaint are dismissed *without* prejudice. Plaintiff may file a Second

Amended Complaint that cures the pleading deficiencies addressed herein on or before **May 24, 2013**.   Plaintiff's failure to file a Second Amended Complaint by such date will result in dismissal of Counts Two through Eleven of Plaintiff's Amended Complaint *with* prejudice.   An appropriate Order accompanies this Opinion.


Date:   April 16, 2013                                          s/ Jose L. Linares
                                                                       Jose L. Linares, U.S.D.J.